[Cite as *State v. Martin*, 2013-Ohio-5277.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13CA03 |
| JUSTIN T. MARTIN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Holmes County Court of
                             Common Pleas, Case No. 12CR097


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 26, 2013


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


F. CHRISTOPHER OEHL                 JEFFREY G. KELLOGG
Assistant Prosecuting Attorney      5 South Washington Street
for State of Ohio                   Millersburg, Ohio 44654
164 East Jackson Street
Millersburg, Ohio 44654

*Hoffman, J.*

{¶1} Defendant-appellant Justin T. Martin appeals his sentence entered by the Holmes County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF PROCEDURAL HISTORY[1]

{¶2} On October 18, 2012, Appellant was arraigned in the Holmes County Court of Common Pleas on one count of aggravated trafficking of a Schedule II substance within the vicinity of a juvenile, in violation of R.C. 2925.03(A)(1), a felony of the third degree. A prior bond of $15,000.00 cash or surety was modified to personal recognizance with conditions. The conditions of the bond indicated Appellant would report to the probation department, should not change his residence or place of employment without notification and prior approval of the probation department, should submit to random drug testing upon request, and should not consume or possess any controlled substance or alcoholic beverage.

{¶3} On November 6, 2012, the state of Ohio filed a motion to revoke bond following Appellant's arrest in Wayne County, Ohio on trespassing and disorderly conduct.

{¶4} On November 9, 2012, the trial court, via Judgment Entry, revoked Appellant's bond, finding Appellant violated the terms and conditions of the bond.

{¶5} On November 15, 2012, the trial court conducted a bond review hearing, reinstating Appellant's recognizance bond and modifying the conditions thereof. The conditions stated Appellant would not possess, consume, or use any substance or item specifically designed or advertised to interfere with the results of a valid drug test and

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

prohibiting the use of any synthetic drug of abuse, prohibiting Appellant from possessing a firearm, and stating Appellant should not commit an additional criminal offense other than a minor traffic offense while out on bond.

{¶6} On January 3, 2013, Appellant entered a plea of guilty to an amended charge of aggravated trafficking in a Schedule II substance, a felony of the fourth degree, in violation of R.C. 2925.03(A)(1).

{¶7} On February 1, 2013, the trial court conducted a sentencing hearing, ordering Appellant serve a stated prison term of fourteen months in prison. At the sentencing hearing, it was undisputed Appellant was on probation at the time of the offense on a menacing charge out of Holmes County. The trial court found in support of a prison sentence Appellant committed the trafficking offense while on probation, and violated a condition of bond by committing a new offense while on bond.

{¶8} Appellant now appeals, assigning as error:

{¶9} "I. THE APPELLANT'S SENTENCE IS CONTRARY TO LAW."

{¶10} Ohio Revised Code Section 2929.13(B)(1) provides,

{¶11} "(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

{¶12} "(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

**{¶13}** "(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

**{¶14}** "(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

**{¶15}** "***

**{¶16}** "(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."

**{¶17}** Appellant maintains the clear language of his original personal recognizance bond indicates he was under no restriction concerning other violations of law and the condition at issue was not added to his bond until November 15, 2012. Accordingly, Appellant argues he did not violate his bond by being arrested in Wayne County on November 1, 2012. We disagree.

**{¶18}** At the sentencing hearing herein, the following exchange occurred on the record,

**{¶19}** "* * * Weighing those factors the courts finds recidivism is more likely. Under the felony fourth or fifth degree the factors the court finds the offender committed the offense while under community control sanctions while on probation or while released from custody on bond or personal recognizance and committed a new offense while on bond. Having found one or more of those factors the court finds that a prison

term is consistent and the Defendant is not amenable to available community sanctions.

* * * "

**{¶20}** Tr. p. 7.

**{¶21}** Upon review of the record in this case and the procedural history set forth above, it is clear Appellant was on bond at the time he committed the November 1, 2012 offense. The fact the bond was not conditioned upon not committing any other criminal offense does not render R.C. 2929.13(B)(1)(a)(xi) inapplicable. Appellant committed the offense while released from custody "on bond," regardless of the conditions specified therein.

**{¶22}** Appellant's assignment of error is overruled.

**{¶23}** The sentence entered by the Holmes County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
    Plaintiff-Appellee                     :
                                          :
-vs-                                      :        JUDGMENT ENTRY
                                          :
JUSTIN T. MARTIN                          :
                                          :
    Defendant-Appellant                   :        Case No. 13CA03

For the reason stated in our accompanying Opinion, the February 1, 2013 sentence entered by the Holmes County Court of Common Pleas is affirmed.  Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY